IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,906-01






EX PARTE ETIM ETIM KING, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 111865-A IN THE 232nd DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized criminal activity and sentenced to forty years' imprisonment. The First Court of Appeals
affirmed his conviction. King v. State, No. 01-08-00457-CR (Tex. App.-Houston [1st Dist.],
delivered April 16, 2009, no pet.). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of
his right to petition for discretionary review pro se. The trial court has obtained an affidavit from
counsel that specifically refutes Applicant's claim. However, the Applicant also contends that
mailroom records at his prison unit will support his claim that no correspondence was ever received
from counsel. Therefore, even assuming the truthfulness of counsel's affidavit, the Applicant may
not have timely received counsel's correspondence.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from prison officials addressing the validity of Applicant's claim. The trial court shall make findings of fact as to whether prison mailroom records, dated from
April 16, 2009 until May 18, 2009, confirm that Applicant failed to receive correspondence from
counsel informing him of the affirmance of his conviction and his right to pursue discretionary
review on his own. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: May 26, 2010

Do not publish